## PUGET SOUND TUG & BARGE CO. v. UNITED STATES.

### No. 14905.

District Court, W. D. Washington, N. D.

Sept. 10, 1947.

In this action libelant Puget Sound Tug & Barge Co., bareboat charterer of the Barge 27, sued the United States as owner and operator of the Tug W. S. A. 18 for damages sustained by libelant by reason of the capsizing of the barge and spilling of six loaded railroad cars from the barge due to the alleged negligence of Tug W. S. A. 18, her master and crew, while towing the barge, with the railroad cars aboard, from Port Gamble to Seattle, Washington.

Libelant charged respondent with negligence in that the latter, after discovering the barge in a leaking condition after the towing was commenced, failed to beach the barge to prevent its capsizing and failed to otherwise take proper precautions to avoid further damage.

Respondent United States of America denied such negligence and charged libelant with lack of due care in the subsequent handling of the barge when it was delivered by respondent to the terminal dock at Seattle, respondent having notified libelant of the leaking condition of the barge.

The Court, deciding only the question of liability, determined that both libelant and respondent were negligent and that libelant may recover only half of the damages sustained. (The case was continued for further trial on the question of the amount of damages.)

Merritt, Summers & Bucey, of Seattle, Wash., (G. H. Bucey and Charles B. Howard, both of Seattle, Wash., of counsel), for libelant.

J. Charles Dennis, U. S. Atty., of Seattle, Wash., (Frank Pellegrini, Asst. U. S. Atty., of Seattle, Wash., of counsel), for respondent.

BOWEN, District Judge.

I find no difficulty respecting the proof as to the condition of the barge at the time the towage was commenced. The undisputed evidence requires the Court to find and conclude, and the Court does so, that when the towage services began the Barge 27 was in a seaworthy condition. On the other hand, it is just as clear to the Court from the evidence and from the preponderance thereof, and the Court so finds, that the master of the tug W. S. A. 18 was negligent in not beaching that vessel after he discovered the leaking condition of it about 6:00 o'clock in the evening of the day during which the towage service was being performed, namely, August 25, 1944, when the tug and tow were about a mile north of Shilshole Bay, which is near the north limits of Seattle's main harbor.

The reason the Court is so convinced as to the negligence of the master of the tug is that, between the approximate location of the barge when the leak was discovered and the Drummond Lighterage Company dock which was the intended destination of the voyage of the tug and tow, not a mile of easterly shore line was lacking in beaching possibilities. The barge could have easily been run ashore and its sinking or capsizing could thereby have easily been prevented. The respondent through its employee, the master of that tug, was negligent in failing to beach the barge.

The only question remaining for decision is as to whether or not the libelant was guilty of negligence on its own part, which would defeat or divide its claim for damages. By the testimony of the witness Johnson alone, although his testimony is corroborated by other witnesses, it is established that at least a half hour elapsed after the arrival of the tug and tow within mooring-line distance of the libelant's dock before the barge capsized. A lot of things in the way of precautions and preventive measures could have been applied during that half hour's time. It seems to the Court to be no answer to a charge of lack of due care on the part of the libelant that it locked up some of its more efficient pumps in a room on the dock, the key being kept in the office some distance away on the same dock, and therefore did not have quickly available those more efficient pumps which might have been used to keep the barge afloat until it could have been put on the gridiron or until it could have been temporarily moored to the dock.

I think the libelant, as shown by the evidence in this case, was clearly negligent in not taking available measures to prevent this accident after the barge came within mooring-line distance of the dock. Likewise, the Court is convinced it was within the reasonable means and within the scope of the reasonably prudent conduct of the libelant to have prevented this accident, if it had used, within its reach, the pumps and mooring lines which could have reasonably been used to have prevented this accident.

I think that the negligence of the respondent's tug master was a continuing negligence and persisted right up to the time that this accident took place. I think that this beaching possibility was not absent even within a reasonable distance of the libelant's dock.

The Court finds, concludes and decides that both parties—both the libelant and the respondent—were negligent, and that the negligence of each was a proximate cause of this accident resulting in the capsizing of the barge and the spilling of the cars of lumber overboard from the barge.

The libelant may recover one-half the damages sustained by it to be shown by the further proof in this action. The amount of the damages is a question which is reserved for later proof and determination.

This case is continued for further trial on the amount of damages on Tuesday, September 30, 1947, at 10:00 o'clock a. m.